# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| FFGGP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00875-P |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Specialized Loan Servicing, LLC; A Delaware Limited Liability Company's ("SLS") Motion for Summary Judgment (ECF No. 25). Having considered the motion, related briefing, and applicable law, the Court finds that Defendant's Motion for Summary Judgement should be and is hereby **GRANTED in part and DENIED in part.** Plaintiff FFGGP, Inc., a Delaware Corporation as Trustee for the Fairway Park 2775 Land Trust's ("FFGGP") claims are hereby **DISMISSED with prejudice.**

## BACKGROUND

On or about September 8, 2010, Roger D. Freeman (now deceased) ("Borrower"), executed and delivered to American Southwest Mortgage Corp. ("American Southwest") a Texas Home Equity Note ("Note") in the original principal sum of eighty-four thousand dollars and zero cents ($84,000.00). *See* Def.'s App. Supp. Mot. Summ. J., Ex. A. Contemporaneously, the Borrower executed a Deed of Trust in favor of American

Southwest Mortgage Corp. *See id.* Ex. B. The Deed of Trust conveyed the Property with power of sale. *Id*.

On or about March 18, 2015, Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for American Southwest, its successors and assigns, assigned the Deed of Trust to Bank of America (BANA). *See id.* Ex. D.

The Borrower died on August 4, 2014. *See id* Ex. F. On February 17, 2015, BANA sent the Estate of Roger D. Freeman a Notice of Default and Intent to Accelerate based on its failure to pay the January and February 2015 monthly mortgage payments. *See id.* Ex. I.

On March 16, 2015, the Fairway Park Homeowners Association, Inc. ("HOA") filed a Notice of Lien ("HOA Assessment Lien") against the Property for nonpayment of HOA dues. *See id.* Ex. G. In its Complaint, Plaintiff alleges that it acquired the Property under the HOA Assessment Lien Deed. Pl.'s First. Am. Compl. at 2.

The Estate of Roger D. Freeman failed to remit monthly mortgage payments and the mortgage remained in default. On July 28, 2016, BANA sent the Estate of Roger D. Freeman a Notice of Acceleration. *See* Def.'s App. Supp. Mot. Summ. J., Ex. J.

On November 9, 2016, BANA filed an Application for Foreclosure under Texas Rule of Civil Procedure 735 to obtain an Order for Foreclosure. On April 13, 2017, BANA assigned the Deed of Trust to SLS. *See id.* Ex. E.

On March 15, 2018, the 96th Judicial District Court of Tarrant County, Texas ordered "that Plaintiff, or its successors or assigns in interest, in accordance with Texas Constitution Article XVI, § 50a(6) shall enforce the Note default by foreclosing the

security interest encumbering the Property pursuant to the Deed of Trust or Texas Property Code § 51.002." *See id*. Ex. C. This order authorized SLS to foreclose on the Property. *Id.*

On October 24, 2018, SLS sent the Estate of Roger D. Freeman a second Notice of Acceleration and a Notice of Non-Judicial Foreclosure Sale set for December 4, 2018. *See id.* Ex. K. Pursuant to the Notice of Non-Judicial Foreclosure Sale, SLS foreclosed on December 4, 2018. *See id.* Ex. L.

Plaintiff filed the underlying lawsuit against Defendant on August 27, 2018, in the 96th Judicial District Court for Tarrant County, Texas. *See* Cause No. 096-302148-18. Defendant removed the case to this Court on October 25, 2018. *See* ECF No. 1. On August 18, 2019, Defendant filed a motion for summary judgment (ECF No. 25), Plaintiff filed a Response on August 28, 2010 (ECF No. 27), and Plaintiff filed its reply on September 11, 2019 (ECF No. 28). This motion is now ripe for review.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655

3

F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS

A.  **Declaratory Relief and Quiet Title**

Plaintiff's suit consists of a suit to quiet title and a request for declaratory relief, both of which are premised on the contention that the underlying order for foreclosure—and thus any subsequent foreclosure deed—issued by the 96TH Judicial District Court of Tarrant County, Texas, is void.

Plaintiff's primary contention is that the foreclosure deed which Defendant relied upon is void, because the Rule 736 Order, which the deed rests upon, was also void and therefore the title to the property rests with Plaintiff. *See* Pl.'s Br. Opp. Mot. Summ. J. at 3. Plaintiff argues that the Rule 736 Order was void because the court that issued the foreclosure deed was divested of subject matter jurisdiction when Defendant's predecessor sold its interest in the deed of trust to Defendant and Defendant was not substituted into the proceeding as a party prior to the entry of final judgment. *Id*.

While BANA may have filed the original application, the Order specifically delineated that "Plaintiff, **or its successors or assigns in interest**, in accordance with Texas Constitution Article XVI, § 50a(6) shall enforce the Note default by foreclosing the security interest encumbering the Property." *See* Def.'s App. Supp. Mot. Summ. J., Ex. C (emphasis added). BANA lawfully assigned the Deed of Trust to SLS. *See id.* Ex. E. Federal and Texas state courts have interpreted Texas law to recognize that an "assignee . . . stands in [an assignor's] shoes and may assert only those rights that [the assignor] himself could assert." *Berry v. Fed. Nat. Mortg. Ass'n*, No. 3:11-CV-1288-L, 2013 WL 1294008 (N.D. Tex. Mar. 29, 2013). Therefore, upon assignment of the Deed of

Trust, SLS, as an assignee, stepped into BANA's shoes in seeking a foreclosure order. Consequently, the Court retained jurisdiction under Texas Constitution Article XVI, Section 50a(6) and Texas Rule of Civil Procedure 735 to enter the Order allowing foreclosure. Accordingly, SLS as an assignee, had the authority to proceed with the foreclosure sale under the same Order.

Accordingly, SLS had the standing and authority to enforce the Deed of Trust by conducting a foreclosure sale of the Property. Therefore, Plaintiff's suit to quiet title is **DISMISSED with prejudice** and claim for declaratory relief is **DENIED.**

B.  **Attorney's Fees and Costs**

In its Motion for Summary Judgment, Defendant requests that this Court grant it $24,108.45 in attorney's fees and costs. Defendant provides the Court with a citation to "Ex. B," the 19-page Deed of Trust. Local Rule 56.5 (c) states that "When citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." While the Court was able to locate the language referenced by Defendant, "[j]udges are not like pigs hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Defendant's request for attorney's fees and costs relies upon language found in Section 9 of the Deed of Trust that states as follows: "Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." *See* Def.'s App. Supp. Mot. Summ. J., Ex. B. Nowhere in any of the dozens

of documents submitted to this Court has Defendant alleged that Plaintiff was the Borrower, is the Borrower, or is standing in the Borrower's shoes.

Accordingly, SLS is not entitled to any attorney's fees or costs from FFGGP under the Deed of Trust. Therefore, Defendant's request for attorney's fees and costs is **DENIED.**

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 25) should be and is hereby **GRANTED.** Accordingly, Plaintiff's claims against Defendant are hereby **DISMISSED with prejudice** and Defendant's request for attorney's fees and costs is **DENIED.**

**SO ORDERED** on this **9th day** of **January, 2020**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE